**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DLC DermaCare LLC, an Arizona limited liability company, | No. CV-10-333-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Sixta Castillo, R.N., et al., | |
| Defendants. | |

DLC DermaCare LLC began franchising dermatology clinics in 2004. It brought suit against numerous franchisees and their spouses on February 17, 2010. Dkt. #1. The complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, misappropriation of trade secrets, trademark and service mark infringement, unfair competition, tortious interference with contract, and civil conspiracy. *Id.* at 21-30. Plaintiff seeks compensatory and treble damages, injunctive relief, and attorney fees and costs. *Id.* at 29-40.

Dr. Jeffrey Epstein entered into a franchise agreement with Plaintiff in June 2005. His wife Susan signed the agreement as "owner/guarantor's spouse."

Ms. Epstein has filed a motion to compel alternative dispute resolution and dismiss or stay the action. Dkt. #24. The motion is fully briefed. Dkt. ##26, 56. Oral argument has not been requested. For reasons stated below, the Court will grant the motion.

The franchise agreement between the Epsteins and Plaintiff provides for arbitration of all disputes arising out of the agreement except claims seeking injunctive relief:

**14.2 Mediation and Arbitration of Disputes**

> (a) If the parties are unable to informally resolve any dispute arising out of this Agreement either during or after its term, including the question as to whether any particular matter can be arbitrated, the Parties agree to mediate their disputes in Maricopa County, Arizona, with the option that if mediation does not yield a result acceptable to both Parties, the dispute shall be resolved through binding arbitration to be conducted in Maricopa County, Arizona. Mediation and arbitration will not apply for those matters where injunctive relief is sought or needed to prevent irreparable harm. Such injunctive relief shall be brought in federal or state court in Maricopa County, Arizona[.]

Dkt. #24-1 at 38 (bolded type in original). Arbitration should be compelled under the Federal Arbitration Act, Ms. Epstein argues, because Plaintiff seeks no injunctive relief against her. Dkt. #24.

"The standard for demonstrating arbitrability is not high." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), broadly provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable" except upon grounds that exist at common law for the revocation of a contract. 9 U.S.C. § 2. Absent a valid contract defense, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). The district court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4).

Plaintiff does not dispute that only claims for injunctive relief are outside the scope of the parties' arbitration agreement. Nor does Plaintiff dispute that it seeks no injunctive relief against Ms. Epstein. *See* Dkt. #24-2. Plaintiff instead asserts that it has "properly combined its causes of action" (Dkt. #26 at 2), but presents no argument or legal authority in support of this assertion. Plaintiff's own complaint recognizes the right to arbitration: the franchise agreements "allow the parties [to] resolve any disputes through binding arbitration" (Dkt. #1 ¶ 11) and Plaintiff will pursue "monetary damages (and other relief) through binding

arbitration if so ordered by the court" (*id.* ¶ 81).

The parties' franchise agreement expressly provides that disputes arising out of the agreement are subject to arbitration and only claims for "injunctive relief shall be brought in federal or state court[.]" Dkt. #24-1 at 38. The Supreme Court has made clear that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). Given this "liberal federal policy favoring arbitration," *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 725 (9th Cir. 2007), and in light of the express terms of the parties' agreement to arbitrate – including the provision that questions of arbitrability are themselves subject to arbitration (Dkt. #24-1 at 38) – the Court will compel arbitration and dismiss the claims against Ms. Epstein. *See Simula*, 175 F.3d at 726 (affirming dismissal in favor of arbitration); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same).

**IT IS ORDERED:**

1. Defendant Susan Epstein's motion to compel alternative dispute resolution and dismiss (Dkt. #24) is **granted**.
2. Plaintiff and Susan Epstein are directed to comply with the mediation and arbitration provisions set forth in paragraph 14.2 of the franchise agreement (*see* Dkt. #24-1 at 38).
3. The claims asserted against Susan Epstein are **dismissed**.

DATED this 24th day of June, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge