**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DLC DermaCare LLC, an Arizona limited liability company, | No. CV-10-333-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Sixta Castillo, R.N., et al., | |
| Defendants. | |

Defendant Jeff Barson was served with process on March 3, 2010. Doc. 43. His default was entered on May 25, 2010. Doc. 53. On June 7, 2010, he filed an answer and an objection to the entry of default. Docs. 57, 58.

Plaintiff has filed a motion for default judgment against Barson and a motion to strike his answer. Docs. 85, 86. The motions will be denied.

In deciding whether to grant default judgment under Rule 55(b) of the Federal Rules of Civil Procedure, the Court must consider multiple factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Because Plaintiff's motion for default judgment does not address these factors, the motion will be denied.

Moreover, despite the untimely nature of Barson's answer, Ninth Circuit law precludes a default judgment against him. This Circuit recently emphasized that

"'[j]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) (citation omitted). A defendant's default may be set aside under Rule 55(c) for "good cause," that is, where the defendant is not culpable, where he has a meritorious defense, or where the plaintiff would not be prejudiced. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004).

Although Barson has not shown good cause, objecting to the entry of default based solely on the fact that he has filed an answer (Doc. 58), the Court will grant him leave to make that showing in light of his pro se status. Barson shall have until **November 5, 2010** to file a motion to set aside the entry of default for good cause pursuant to Rule 55(c).

Barson is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/Orders/Rules").

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment against Jeff Barson (Doc. 85) and motion to strike his answer (Doc. 86) are **denied** without prejudice.
2. Defendant Jeff Barson shall have until **November 5, 2010** to file a motion to set aside the entry of default for good cause pursuant to Rule 55(c).

DATED this 25th day of October, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge