**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DLC DermaCare LLC, an Arizona limited liability company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Sixta Castillo, R.N., et al.,<br><br>　　　　　Defendants. | No. CV-10-333-PHX-DGC<br><br>**ORDER** |

DLC DermaCare LLC began franchising dermatology clinics in 2004. It brought suit against numerous franchisees and their spouses in early 2010. Doc. 1. The complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, misappropriation of trade secrets, trademark and service mark infringement, unfair competition, tortious interference with contract, and civil conspiracy. *Id.* at 21-30.

The Clerk has entered default against Defendants Susan Feng, Amir Hussain (Amir Farooqui), Irum Hussain, David Minozzi, Ramen Verma, Juan Castillo-Plaza, Sixta Castillo, and Michelle Barnes. Doc. 53. Defendants have filed a motion to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Doc. 60. The motion is fully briefed. Docs. 77, 97. No party has requested oral argument. For reasons stated below, the Court will grant the motion.[1]

A defendant's default may be set aside under Rule 55(c) for "good cause." The

---

[1] The complaint erroneously names Defendant Amir Farooqui as Amir Hussain. *See* Docs. 60 at 2, 77 at 1.

relevant analysis considers three factors: whether the defendant is culpable, whether he has a meritorious defense, and whether setting aside default would prejudice the plaintiff. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). The defendant bears the burden of showing that at least one of these factors favors setting aside his default. *Id.* at 926.

"'A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (citation omitted). The defendant "must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting *TCI Group*, 244 F.3d at 697). Defendants have shown that their failure to timely answer the complaint was due in large part to complications and misunderstandings in retaining local counsel. Docs. 60-1 through 60-8. Nothing about Defendants' conduct "suggests the bad faith necessary to find that [they] intentionally failed to answer[.]" *Mesle*, 615 F.3d at 1093.

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *Id.* at 1094. Defendants have met this "minimal" burden. *Id.* Defendants allege, among other things, that claims asserted by Plaintiff are subject to arbitration under the express terms of the relevant franchise agreements. Those allegations, when accepted as true, constitute a sufficient defense to this lawsuit. *See* Doc. 1 ¶ 11 (admitting that the franchise agreements "allow the parties [to] resolve any disputes through binding arbitration"); Doc. 59 (dismissing claims and compelling arbitration).

Plaintiff claims that setting aside default will only delay the relief it seeks and permit Defendants to continue to operate in bad faith. Doc. 77 at 5. To be prejudicial, however, "the setting aside of [default] must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. Defendants note, correctly, that Plaintiff has not

sought preliminary injunctive relief. Doc. 97 at 9-10; *see* Doc. 1 at 30-40. Nor has Plaintiff shown that the setting aside of default will hinder its ability to pursue its claims. *See TCI Group*, 244 F.3d at 701. Resolving the claims on the merits, whether through litigation in this Court or by way of arbitration, will not result in unfair prejudice to Plaintiff.

Plaintiff asserts that there is a "strong possibility" Defendants may hide their assets (Doc. 77 at 6), but presents no facts or argument in support of this assertion. Plaintiff's reliance on *Franchise Holdings*, 375 F.3d at 926, is therefore misplaced.

This Circuit's "rules for determining when a default should be set aside are solicitous towards movants," especially where, as in this case, the "actions leading to the default were taken without the benefit of legal representation." *Mesle*, 615 F.3d at 1089. "'Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (citation omitted). Because extreme circumstances do not exist in connection with the moving Defendants' default, the Court will exercise its discretion under Rule 55(c) and set their default aside. *See Sandpiper Resorts Dev. Corp. v. Global Realty Invs., LLC*, No. CV 08-1360-PHX-MHM, 2010 WL 3190706, at *3 (D. Ariz. Aug. 12, 2010); *United States v. $35,017 in U.S. Currency*, No. C 10-0995 RS, 2010 WL 3619794, at *5 (N.D. Cal. Sept. 9, 2010).

**IT IS ORDERED:**

1. The motion to set aside entry of default pursuant to Rule 55(c) filed by Defendants Susan Feng, Amir Hussain (Amir Farooqui), Irum Hussain, David Minozzi, Ramen Verma, Juan Castillo-Plaza, Sixta Castillo, and Michelle Barnes (Doc. 60) is **granted**.

2. Defendants shall have until **October 29, 2010** to answer or otherwise respond to the complaint.

DATED this 25th day of October, 2010.

_____
David G. Campbell
United States District Judge