**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DLC DermaCare LLC, an Arizona limited liability company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Sixta Castillo, R.N., et al.,<br><br>　　　　Defendants. | No. CV-10-333-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed motions for default judgment against Defendants John Johnson, Latha Johnson, Guatam Samadder, and Anjana Samadder.  Docs. 101, 102, 103, 104. In deciding whether to grant default judgment under Rule 55(b) of the Federal Rules of Civil Procedure, the Court must consider multiple factors:  (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Because Plaintiff's motions for default judgment do not address these factors, the motions will be denied.

Moreover, a defendant's default may be set aside for "good cause" under Rule 55(c). Defendants have filed a motion to set aside default pursuant to that rule.  Doc. 108.  Because "'[j]udgment by default is a drastic step appropriate only in extreme circumstances[,]'" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010), it would not, on the present record, be appropriate to enter default judgment.

**IT IS ORDERED:**

1. Plaintiff's motions for default judgment against Defendants John Johnson, Latha Johnson, Guatam Samadder, and Anjana Samadder (Docs. 101, 102, 103, 104) are **denied** without prejudice.
2. The Court will address the motion to set aside the entry of default (Doc. 108) once it is fully briefed.

DATED this 25th day of October, 2010.

David G. Campbell
United States District Judge