**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DLC DermaCare LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Sixta Castillo, R.N., et al.,<br><br>Defendants. | No. CV-10-333-PHX-DGC<br><br>**ORDER** |

DLC DermaCare LLC began franchising dermatology clinics in 2004. It brought suit against numerous franchisees, their spouses, and certain other defendants in early 2010. Doc. 1. The Clerk has entered default against Defendants Latha Johnson, John Johnson, Anjana Samadder, and Gautam Samadder. Docs. 83, 90. Defendants have filed a motion to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Doc. 108. The motion is fully briefed. Docs. 124, 130. No party has requested oral argument. For reasons stated below, the Court will grant the motion.

A defendant's default may be set aside under Rule 55(c) for "good cause." The relevant analysis considers three factors: whether the defendant is culpable, whether he has a meritorious defense, and whether setting aside default would prejudice the plaintiff. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). The defendant bears "the burden of showing that any of these factors favors setting aside the default." *Id.* at 926.

1 "'A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (citation omitted). The defendant "must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting *TCI Group*, 244 F.3d at 697).

Defendants have shown that their failure to timely answer the complaint was due to service being made on a relative and a babysitter. Doc. 108 at 2-3, 8-22. While the parties dispute whether the persons served actually lived with Defendants, nothing about Defendants' conduct "suggests the bad faith necessary to find that [they] intentionally failed to answer[.]" *Mesle*, 615 F.3d at 1093.

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *Id.* at 1094. Defendants have met this "minimal" burden. *Id.* Defendants allege, among other things, that the relevant franchise agreements contain a binding arbitration clause not followed by Plaintiff before bringing suit. Doc. 108 at 5. Those allegations, when accepted as true, constitute a sufficient defense to this lawsuit. *See* Doc. 1 ¶ 11 (admitting that the franchise agreements "allow the parties [to] resolve any disputes through binding arbitration"); Doc. 59 (dismissing claims and compelling arbitration).

Plaintiff claims that setting aside default will only delay the relief it seeks and permit Defendants to continue to operate in bad faith. Doc. 124 at 7. To be prejudicial, however, "the setting aside of [default] must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. Plaintiff has not sought preliminary injunctive relief. Nor has Plaintiff shown that the setting aside of default will hinder its ability to pursue its claims. *See TCI Group*, 244 F.3d at 701. Resolving the claims on the merits, whether through litigation in this Court or by way of arbitration, will not result in unfair prejudice to Plaintiff.

Plaintiff asserts that there is a "strong possibility" Defendants may hide their assets (Doc. 77 at 6), but presents no facts or argument in support of this assertion. As the Court previously has explained (Doc. 128 at 3), Plaintiff's reliance on *Franchise* is therefore misplaced.

This Circuit's "rules for determining when a default should be set aside are solicitous towards movants," especially where, as in this case, the "actions leading to the default were taken without the benefit of legal representation." *Mesle*, 615 F.3d at 1089. "'Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (citation omitted). Because extreme circumstances do not exist in connection with the moving Defendants' default, the Court will exercise its discretion under Rule 55(c) and set their default aside. *See Sandpiper Resorts Dev. Corp. v. Global Realty Invs., LLC*, No. CV 08-1360-PHX-MHM, 2010 WL 3190706, at *3 (D. Ariz. Aug. 12, 2010); *United States v. $35,017 in U.S. Currency*, No. C 10-0995 RS, 2010 WL 3619794, at *5 (N.D. Cal. Sept. 9, 2010).

Defendants note that even if they were properly served under Rule 4(e), the service was too late under Rule 4(m). Doc. 108 at 4. Plaintiff asserts that it had difficulty locating Defendants and good cause therefore exists to extend the 120-day period under Rule 4(m). Doc. 124 at 2-3. But even without a showing of good cause, the Court "may utilize its 'broad' discretion to extend the time for service." *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004) (quoting *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)). Given the breadth of discretion afforded under Rule 4(m), this Circuit has found it unnecessary to articulate a "specific test" that a court must apply before extending the time for service. *In re Sheehan*, 253 F.3d at 513. Factors the court may consider include "'statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation omitted).

Having considered those factors, particularly the lack of prejudice resulting from the delay in service, the Court will exercise its discretion to extend the period for service of process on Defendants Latha Johnson, John Johnson, Anjana Samadder, and Gautam

Samadder. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) ("Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* [the] 120-day period.").

**IT IS ORDERED:**

1. The motion to set aside entry of default pursuant to Rule 55(c) filed by Defendants Latha Johnson, John Johnson, Anjana Samadder, and Gautam Samadder (Doc. 108) is **granted**. The alternative request for dismissal is **denied**.

2. Defendants shall have until **December 23, 2010** to answer or otherwise respond to the complaint.

DATED this 14th day of December, 2010.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge

- 4 -