**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DLC DermaCare LLC, an Arizona limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>Sixta Castillo, R.N., et al.,<br><br>        Defendants. | No. CV-10-333-PHX-DGC<br><br>**ORDER** |

DLC DermaCare LLC began franchising dermatology clinics in 2004. It brought suit against numerous franchisees, their spouses, and certain other defendants in early 2010. The complaint asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, misappropriation of trade secrets, trademark and service mark infringement, unfair competition, tortious interference with contract, and civil conspiracy. Doc. 1.

Motions to compel arbitration and dismiss or stay this action have been filed by Defendants Johnathan Munoz, Michele Connor, Timothy Bode, and Bobbie Bode (Doc. 74), by Defendants Theresa Gulbranson, Scott Gulbranson, Lisa Vanbockern, Quality Skincare, LLC, Charles Goforth, the Charles H. Goforth Charitable Trust, Steven Goforth, Teri Goforth, Marc Wilson, and Daniel McDonald (Doc. 112), and by Defendants Anshu and Nora Jain (Doc. 114). The motions are fully briefed. Docs. 100, 113, 120, 121, 125, 126. For reasons that follow, the motions will be granted with respect to all Defendants except Lisa Vanbockern.[1]

---

[1] The request for oral argument (Doc. 112) is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Plaintiff franchised dermatology clinics pursuant to two agreements: a Master Regional Franchise Agreement ("MRA") and a Clinic Franchise Agreement ("CFA"). Doc. 1 ¶¶ 2, 16, 31. The MRA expressly provides that disputes relating to that agreement are subject to arbitration (Doc. 114-1 at 26):

> 19.4 **Arbitration.** All disputes and claims relating to this Agreement, the rights and obligations of the parties under this Agreement, or any other claims or causes of action relating to the performance of either party, and/or the purchase of your rights under this Agreement shall be settled by arbitration at the office of the American Arbitration Association in Maricopa County, Arizona in accordance with the Federal Arbitration Act and the commercial rules of the American Arbitration Association[.]

The CFA provides for arbitration of all disputes arising out of that agreement except claims for injunctive relief to prevent irreparable harm (Doc. 24-1 at 38):

> **14.2 Mediation and Arbitration of Disputes**
>
> (a)    If the parties are unable to informally resolve any dispute arising out of this Agreement either during or after its term, including the question as to whether any particular matter can be arbitrated, the Parties agree to mediate their disputes in Maricopa County, Arizona, with the option that if mediation does not yield a result acceptable to both Parties, the dispute shall be resolved through binding arbitration to be conducted in Maricopa County, Arizona. Mediation and arbitration will not apply for those matters where injunctive relief is sought or needed to prevent irreparable harm. Such injunctive relief shall be brought in federal or state court in Maricopa County, Arizona[.]

Each moving Defendant, other than Lisa Vanbockern, entered into an MRA and/or a CFA. Doc. 1 ¶ 31(b), (f), (n), (o).

As the Court previously has explained (Doc. 59 at 2), "[t]he standard for demonstrating arbitrability is not high." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), broadly provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable" except upon grounds that exist at common law for the revocation of a contract. 9 U.S.C. § 2. Absent a valid contract defense, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The district court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does,

- 2 -

1  (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho*
2  *Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4).

3        The MFA expressly provides for arbitration of "[a]ll disputes and claims" relating
4  to that agreement. Doc. 114-1 at 26. The CFA expressly provides for arbitration of
5  "any dispute" arising out of that agreement except where "injunctive relief is sought or
6  needed *to prevent irreparable harm*." Doc. 24-1 at 38 (emphasis added). Plaintiff has not
7  sought preliminary injunctive relief. While the complaint's prayer for relief includes a
8  request for a permanent injunction enjoining Defendants from engaging in certain conduct
9  (Doc. 1 at 38-40, ¶ 4), each of the eight claims for relief requests monetary damages. *Id.* ¶¶
10 73-128. The "summary of complaint" section makes clear that as a result of Defendants'
11 misconduct, including the alleged continuing violation of post-termination obligations,
12 Plaintiff "has suffered and will continue to suffer *damages* in an amount to be proven at
13 trial[.]" *Id.* ¶ 9 (emphasis added). The sole cause of action asserting irreparable harm,
14 misappropriation of trade secrets, specifically alleges that Plaintiff has "sustained *monetary*
15 *damages*" in an amount "not less than $500,000 for each franchise location." *Id.* ¶ 95
16 (emphasis added).

17       The Supreme Court has made clear that "any doubts concerning the scope of arbitrable
18 issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury*
19 *Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289
20 (2002). Given this "liberal federal policy favoring arbitration," *Lozano v. AT&T Wireless*
21 *Services, Inc.*, 504 F.3d 718, 725 (9th Cir. 2007), and in light of the express terms of the
22 parties' agreement to arbitrate – including the provision that questions of arbitrability are
23 themselves subject to arbitration (Doc. 24-1 at 38) – the Court concludes that each claim of
24 the complaint is subject to arbitration. This conclusion is consistent with Plaintiff's own
25 complaint: the franchise agreements "allow the parties [to] resolve any disputes through
26 binding arbitration" (Doc. 1 ¶ 11) and Plaintiff will pursue its claims – including the claim
27 for misappropriation of trade secrets – "through binding arbitration if so ordered by the
28 court" (*id.* ¶¶ 81, 96).

It is worth noting that the conclusion that all claims for relief are subject to arbitration is not inconsistent with the Court's order granting Defendant Susan Epstein's motion to compel arbitration and dismiss. Docs. 24, 59. Plaintiff did not dispute that it sought no injunctive relief against Ms. Epstein. *See* Doc. 24-2. The Court, therefore, had no reason to determine whether the complaint's request for a permanent injunction rendered certain claims non-arbitrable.

The Court will compel arbitration and dismiss the claims against each moving Defendant with the exception of Lisa Vanbockern. *See Simula*, 175 F.3d at 726 (affirming dismissal in favor of arbitration); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same). It is not clear to the Court why Vanbockern is included in the motion to compel arbitration and dismiss filed by the Gulbranson Defendants. Doc. 112. Vanbockern has filed an answer to the complaint. Doc. 111. She "is not and has never been a Dermacare Franchisee or Master Regional Franchisee." Doc. 112 at 2 n.1; *see* Doc. 1 ¶ 2. Because no "valid agreement to arbitrate" exists between Plaintiff and Vanbockern, *Chiron Corp.*, 207 F.3d at 1130, any request on her part to compel arbitration and dismiss claims will be denied.

**IT IS ORDERED:**

1. The motions to compel arbitration and dismiss (Docs. 74, 112, 114) are **granted** as to the following Defendants: Johnathan Munoz (named in the complaint as Jonathon Munoz), Michele Connor, Timothy Bode, Bobbie Bode Theresa Gulbranson, Scott Gulbranson, Quality Skincare, LLC, Charles Goforth, the Charles H. Goforth Charitable Trust, Steven Goforth, Teri Goforth, Marc Wilson, Daniel McDonald, Anshu Jain, and Nora Jain. The motion to compel arbitration and dismiss (Doc. 112) is **denied** with respect to Defendant Lisa Vanbockern.

2. Plaintiff and moving Defendants other than Lisa Vanbockern are directed to comply with applicable mediation and arbitration provisions set forth in the Master Regional Franchise Agreement and the Clinic Franchise Agreement.

3. The claims asserted against moving Defendants other than Lisa Vanbockern

- 4 -

1       are **dismissed**.

2       DATED this 14th day of December, 2010.

*David G. Campbell*
_____
David G. Campbell
United States District Judge