**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DLC DermaCare LLC, an Arizona limited liability company,<br><br>         Plaintiff,<br><br>vs.<br><br>Sixta Castillo, R.N., et al.,<br><br>         Defendants. | No. CV-10-333-PHX-DGC<br><br>**ORDER** |

Defendant Jeff Barson's default was entered on May 25, 2010. Doc. 53. Two weeks later, he filed an answer and an objection to the entry of default. Docs. 57, 58. Plaintiff thereafter filed a motion for default judgment and a motion to strike the answer. Docs. 85, 86. The Court denied the motions and gave Barson until November 5, 2010 to file a motion to set aside the entry of default for good cause pursuant to Rule 55(c). Doc. 149.

On November 2, 2010, Barson served on Plaintiff, but did not file with the Court, a document in which he asks the Court to set aside his default "based upon the fact that [he] has already filed an answer that is meritorious." *See* Doc. 149-1. Plaintiff has attached a copy of that document to its brief in opposition (Doc. 149).

As the Court previously explained to Barson, a defendant's default may be set aside under Rule 55(c) for good cause where the defendant is not culpable, where he has a meritorious defense, or where the plaintiff would not be prejudiced. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). Barson has not shown a lack of culpability on his part, nor has he shown that Plaintiff will suffer

little or no prejudice if his default were to be set aside. The assertion that his answer "is meritorious" (Doc. 149-1 at 2) is too conclusory to demonstrate good cause.

In the interests of justice, and because Barson is proceeding pro se, the Court will give him until **February 11, 2011** to serve on Plaintiff *and file with the Court* a new motion to set aside default for good cause under Rule 55(c). That motion shall address each of the three factors the Court should consider in deciding whether good cause exists: culpability, meritorious defense, and prejudice. *See Franchise Holding*, 375 F.3d at 925-26; Doc. 127 at 2.

Barson is again advised that although he is proceeding pro se, he still "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). He must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/ Orders/Rules").

**IT IS ORDERED:**

1. Defendant Jeff Barson's request that his default be set aside for good cause pursuant to Rule 55(c) (Doc. 149-1) is **denied** without prejudice.
2. Defendant Barson shall have until **February 11, 2011** to serve on Plaintiff and file with the Court a new motion to set aside the entry of default.

DATED this 27th day of January, 2011.

David G. Campbell
United States District Judge

- 2 -