**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DLC DermaCare LLC, an Arizona limited liability company, | No. CV-10-333-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Sixta Castillo, R.N., et al., | |
| Defendants. | |

Defendant Jeff Barson's default was entered on May 25, 2010. Doc. 53. Two weeks later, he filed an answer and an objection to the entry of default. Docs. 57, 58. Plaintiff thereafter filed a motion for default judgment and a motion to strike the answer. Docs. 85, 86. The Court denied the motions and gave Barson until November 5, 2010 to file a motion to set aside the entry of default for good cause pursuant to Rule 55(c). Doc. 149. The Court entered an order (Doc. 153) on January 27, 2011 giving Defendant Barson until February 11, 2011 to serve Plaintiff and file with the Court a new motion to set aside the entry of default. However, it is unclear whether a copy of the order (Doc. 153) was mailed to Defendant Barson, who is appearing pro se in this matter.

On November 2, 2010, Barson served on Plaintiff, but did not file with the Court, a document in which he asks the Court to set aside his default "based upon the fact that [he] has already filed an answer that is meritorious." *See* Doc. 149-1. Plaintiff has attached a copy of that document to its brief in opposition (Doc. 149).

As the Court previously explained to Barson, a defendant's default may be set aside under Rule 55(c) for good cause where the defendant is not culpable, where he has a

meritorious defense, or where the plaintiff would not be prejudiced. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). Barson has not shown a lack of culpability on his part, nor has he shown that Plaintiff will suffer little or no prejudice if his default were to be set aside. The assertion that his answer "is meritorious" (Doc. 149-1 at 2) is too conclusory to demonstrate good cause.

In the interests of justice, and because Barson is proceeding pro se, the Court will give him until **March 18, 2011** to serve on Plaintiff ***and file with the Court*** a new motion to set aside default for good cause under Rule 55(c). That motion shall address each of the three factors the Court should consider in deciding whether good cause exists: culpability, meritorious defense, and prejudice. *See Franchise Holding*, 375 F.3d at 925-26; Doc. 127 at 2.

Barson is again advised that although he is proceeding pro se, he still "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). He must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/ Orders/Rules").

**IT IS ORDERED:**

1. Defendant Barson shall have until **March 18, 2011** to serve on Plaintiff and file with the Court a new motion to set aside the entry of default.

DATED this 1st day of March, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge

- 2 -