**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DLC Dermacare LLC, | No. CV-10-333-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Sixta Castillo, R.N., et al., | |
| Defendants. | |

DLC DermaCare LLC began franchising dermatology clinics in 2004. It brought suit against numerous franchisees, their spouses, and certain other defendants in early 2010. Doc. 1. Defendant Jeff Barson's default was entered on May 25, 2010. Doc. 53. Proceeding pro se, he sought to have his default set aside (Docs. 58, 149-1), but those requests were denied for failure to demonstrate good cause (Docs. 127, 153).

Defendant, now represented by counsel (*see* Doc. 165), has filed a motion to set aside default and a motion to dismiss (Doc. 166). Plaintiff has filed a response. Doc. 172. No party has requested oral argument. For reasons stated below, the Court will grant the motion to set aside default and deny without prejudice the motion to dismiss.

A defendant's default may be set aside for "good cause" under Rule 55(c) of the Federal Rules of Civil Procedure. The relevant analysis considers three factors: whether the defendant has a meritorious defense, whether setting aside default would prejudice

the plaintiff, and whether the defendant is culpable. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). The defendant bears "the burden of showing that any of these factors favors setting aside the default." *Id.* at 926.

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1092 (9th Cir. 2010). Defendant has met this "minimal" burden. *Id.* Defendant asserts, among other things, that he is not a franchisee and therefore has no contractual relationship with Plaintiff, that he is immune from liability for hosting a website used by other Defendants under the federal Communications Decency Act, and that the complaint fails to adequately plead a claim to relief against him. Doc. 166 at 2. In short, Defendant has asserted defenses that may be meritorious.

Plaintiff claims that setting aside default will only delay the relief it seeks and require it to devote more resources to prosecuting its case against Defendant. Doc. 172 at 4-5. To be prejudicial, however, "the setting aside of [default] must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). Plaintiff has not shown that setting aside default will hinder its ability to pursue its claims against Defendant. *Id*. Plaintiff asserts that the delay occasioned so far has provided Defendant with the opportunity to hide assets (Doc. 172 at 4), but presents no facts or argument in support of this assertion.

Plaintiff notes, correctly, that Defendant has failed to show a lack of culpability (Doc. 172 at 3-4), but this Circuit's "rules for determining when a default should be set aside are solicitous towards movants," especially where, as in this case, the "actions leading to the default were taken without the benefit of legal representation." *Mesle*, 615 F.3d at 1089. "'Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (citation omitted).

The Court has set aside default entered against other Defendants in the case. Docs. 128, 144. Although more than a year old, the litigation is in still its early stages as the case management order issued one month ago. Doc. 174. The Court does not find that extreme circumstances exist in connection with the Defendant Barson's default. In the interest of justice, and for good cause appearing, the Court will exercise its discretion under Rule 55(c) and set Defendant's default aside.

The motion to dismiss is brought under no specific rule and contains scant legal analysis. The motion will be denied without prejudice.

**IT IS ORDERED:**

1. Defendant Jeff Barson's motion to set aside default (Doc. 166) is **granted**.

2. The Clerk is directed to set aside Defendant Barson's default entered on May 25, 2010 (Doc. 153).

3. Defendant's motion to dismiss (Doc. 166) is **denied** without prejudice.

4. Defendant shall have until **May 27, 2011** to answer or otherwise respond to the complaint.

5. Except with respect to the deadline for making initial disclosures, Defendant is bound by the schedule set forth in the case management order dated April 4, 2011 (Doc. 174). The parties shall exchange initial disclosures within **15 days** after the filing of an answer or a ruling on a motion to dismiss (if not granted).

Dated this 6th day of May, 2011.

_____
David G. Campbell
United States District Judge