**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DLC Dermacare, LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Sixta Castillo, RN, et al.,<br><br>　　　　　　Defendants. | No. CV10-00333-PHX-DGC<br><br>**ORDER** |

Defendants Fox Development Company, James E. Fox, and Shannon C. Fox (the "Fox Defendants") move to dismiss Plaintiff's action against them, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 199. The motion has been fully briefed. Docs. 199, 202, 203. Fox Defendants' request for oral argument is denied because it would not aid the Court's decision. Fed. R. Civ. P. 78(b). For the reasons below, the Court will deny the motion to dismiss.

**I.　Background.**

Plaintiff DLC DermaCare, LLC filed an initial complaint on February 17, 2010. Doc. 1. On July 13, 2011, Plaintiff filed its first amended complaint alleging breach of contract, breach of the implied covenant of good faith and fair dealing, misappropriation of trade secrets, trademark and service mark infringement, unfair competition, tortious interference with contract, civil conspiracy, and defamation. Doc. 184. These allegations arose from franchise agreements between Plaintiff and Defendants. Doc. 1, at 2. The franchise agreements contain a Limitation of Action clause which provides:

> The parties further agree that no cause of action arising out of or under this agreement may be maintained by either party against the other unless brought before the expiration of two years after the act, transaction or occurrence upon which such action is based or the expiration of one year 1 (sic) after the complaining party becomes aware of facts or circumstances reasonably indicating that such party may have a claim against the other party hereunder, whichever occurs sooner, and that any action not brought within this period shall be barred as a claim, counterclaim, defense or setoff.

Doc. 199, at 4.

## II.   Legal Standard.

When analyzing a motion to dismiss for failure to state a claim to relief under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). "[A] complaint cannot be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (citing *Conley v. Gibson*, 335 U.S. 41, 78 (1957)). At this stage of the litigation, the Court must resolve any ambiguities in the considered documents in the plaintiff's favor. *See Int'l Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

## III.   Discussion.

Fox Defendants assert that Plaintiff's claims are time barred and that Plaintiff has therefore failed to state a claim to relief. Doc. 199, at 2. Pursuant to the parties' franchise agreement, Plaintiff must file a claim within one year of becoming aware of facts or circumstances reasonably indicating that the claim exists. *See* Doc. 199, at 4-5. Fox Defendants cite email correspondence from Carl Mudd, Plaintiff's President and Chief Executive Officer, to Fox Defendants, dated January 12, 2008. Doc. 199-1. The email appears to give notice of termination of the franchise agreement. Fox Defendants argue that this email reveals that Plaintiff was aware of the facts or circumstances

reasonably indicating that it might have a claim against Fox Defendants prior to January 12, 2008, and that Plaintiff's complaint is time barred because it was filed on February 17, 2010, well past the one-year time limit. Doc. 199, at 5.

Plaintiff disputes the authenticity of the email and suggests that it has been altered. Doc. 202, at 5. Plaintiff also distinguishes pre-termination breach of contract allegations addressed in the email from post-termination claims. Plaintiff argues that the email containing the termination notice does not indicate that it was aware at that time of Fox Defendants' post-termination conduct giving rise to claims for misappropriation of trade secrets, trademark infringement, tortious interference with contract, and civil conspiracy. Doc. 202, at 3. Fox Defendants agree that the email did not trigger the one-year time limit with respect to the post-termination claims, and ask the Court to dismiss all of Plaintiff's claims arising from alleged pre-termination conduct. Doc. 203, at 3.

The timing suggested in the email presented by Fox Defendants contradicts Plaintiff's factual allegations. In both the initial complaint and the first amended complaint, Plaintiff claims that it terminated the franchise agreements in March 2009. Docs. 1, at 17; 184, at 17 ("On or about March 20, 2009, DermaCare's bankruptcy attorney sent notices to some Franchisees, that the Clinic Franchise Agreements would terminate 10 days from the date of the notice . . . . Sometime in March 2009, Dermacare terminated the Clinic Franchise Agreements with the other Franchisees."). At this stage of the proceedings, the Court must accept the factual allegations in Plaintiff's complaint as true. Given that the parties dispute the authenticity of the email and that the email contradicts Plaintiff's factual allegations, the Court must resolve the ambiguity in favor of Plaintiff. It does not appear beyond a reasonable doubt that Plaintiff can prove no set of facts that would establish the timeliness of its claims.

**IT IS ORDERED** that Fox Defendants' motion to dismiss (Doc. 199) is **denied**.

Dated this 18th day of November, 2011.

_____
David G. Campbell
United States District Judge